United States District Court
Southern District of Texas
**ENTERED**
February 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORD HARLECH OSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2801 |
| | § | |
| WILLIAM STEPHENS, ET AL., | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court dismissed this *pro se* state inmate lawsuit as frivolous and for failure to state a claim on October 5, 2015. A copy of the dismissal was sent to plaintiff at his address of record on that same date. On January 21, 2016, the Court received plaintiff's pending "memorandum in support" of a motion to extend time to file a notice of appeal. (Docket Entry No. 7.) In the interest of justice, the Court construes plaintiff's memorandum as a motion to extend time to file a notice of appeal. He expressly seeks such relief pursuant to the provisions of FRAP Rule 4(a)(5).

Plaintiff states in his motion that his notice of appeal was due November 7, 2015, and that he is requesting an extension until February 20, 2016, to file a notice of appeal. Although not relevant to relief under FRAP Rule 4(a)(5), plaintiff incorrectly claims that the Court sent a copy of the dismissal order to the Eastern District, but not to him. Copies of the dismissal order were sent to the Eastern District as well as to plaintiff at his address of record.

Regardless, plaintiff's motion is untimely. Under FRAP 4(a)(5), the court can extend the time to file a notice of appeal if:

(i) the party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and

(ii) regardless of whether the motion is filed before or during the 30 days after the time to prescribed by Rule 4(a) expires, the party shows excusable neglect or good cause.

No extension granted under this provision may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

The dismissal order in this case was entered October 6, 2015, and plaintiff's notice of appeal was due 30 days later, on November 5, 2015. Consequently, any motion for an extension of time under FRAP 4(a)(5) was due no later than 30 days after that date, on Monday, December 7, 2015. The instant motion was mailed no earlier than January 18, 2016, and was received by the Court on January 21, 2016. The motion is untimely under the provisions of FRAP 4(a)(5).

The motion (Docket Entry No. 7) is DENIED.

Signed at Houston, Texas on February 4, 2016.

Gray H. Miller
United States District Judge